IN THE UNITED STATES DI
FOR THE DISTRICT OF

Case: 1:26-cv-01309
Assigned To : Unassigned
Assign. Date : 3/24/2026
Description: Pro Se Gen. Civ. (F-DECK)

SHABBAR RAFIQ,
(Plaintiff),

v.

UNITED STATES OF AMERICA
et al;
(Defendants).

Case No. ____:26-CV-

RECEIVED
MAILROOM
MAR 24 2026
Angela D. Caesar, Clerk
U.S. District & Bankruptcy Courts
for the District of Columbia

**INITIAL COMPLAINT FOR DECLARATORY, INJUNCTIVE, AND OTHER RELIEF**

## I. INTRODUCTION

1. This is a civil action brought by Plaintiff Shabbar Rafiq under the Privacy Act 5 U.S.C. § 552a, the Administriative procedure Act ("APA") 5 U.S.C. § 701 et seq., and Federal Tort Claims Act ("FTCA") 28 U.S.C. § 2671 et seq.
2. Plaintiff seeks to remedy the Defendant's willful and intentional publishing and maintenance of materially inaccurate information on the U.S. Immigration and Customs Enforcement ("ICE") official website. Specifically, Defendant's maintain a "Worst of the Worst" criminal profile that falsely attributes Plaintiff's arrest and removal proceedings to a conviction for assualt on a family member, while omitting the actual federal grounds of removal.
3. This false publication and the refusal to correct it has caused Plaintiff significant reputational harm and has prejudiced his legal standing regarding immigration detention and bond eligibility.
4. Plaintiff also seeks to obtain redress for the intentional and unlawful imprisonment, and failure to exercise due care in implementing the statute resulting in deprivation of liberty and damages.

## II. JURISDICTION AND VENUE.

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question) because this action arises under the laws of United States, specifically; the Privacy Act, Administrative Procedures Act, and the Federal Tort Claims Act.

6. Venue is proper in this district pursuant to 5 U.S.C. § 552a(g)(5) and 28 U.S.C. § 1391 because Defendants: U.S. Dep't of Homeland Security ("DHS"), ICE, Bureau of Prison ("BOP"), and United States Marshals Service ("USMS") are all headquartered in the District of Columbia, and a substantial part of the events or omissions giving rise to the claim occurred in this District.

## III. PARTIES

7. Plaintiff, Shabbar Rafiq, is a lawfully admitted permanent resident and currently an ICE detainee.
8. Defendant DHS is a cabinet level department in the United States government responsible for the administration and enforcement of immigration laws.
9. Defendant ICE is a component agency of DHS responsible for the detention and removal of aliens.
10. Defendant Kristi Noem is the Secretary of DHS and is sued in her official and unofficial capacity.
11. Defendant BOP is a department in Department of Justice responsible for post-sentence administration of individuals sentenced to federal offenses.
12. Defendant Secretary of BOP is sued in his/her official and unofficial capacity
13. Defendant USMS, is a department in the United States government responsible for custody and transportation of individuals within Deaprtment of Justice's jurisdiction.
14. Defendant Secretary of USMS is sued in his/her official and unofficial capacity
15. Defendant United States of America, is named under the APA, Privacy Act, and FTCA, due to waiver of sovereign immunity.

## IV. FACTUAL ALLEGATIONS

16. Plaintiff was serving a 144-month sentence for violating 21 U.S.C. § 846 in LSCI Allenwood, Pennsylvania. In 2019, DHS logged a detainer against Petitioner, and was not until May 2024, that it initiated removal proceedings.
17. On Dec 14, 2024, DHS and the Immigration Court administratively closed the removal proceedings without a removal order resulting in Plaintiff's release, unaccompanied on a commercial flight, to a

Residential Reentry Center (RRC) in Fort Worth, Texas. While at the RRC, Plaintiff obtained his driver license, re-acquired social security, received job offers, and re-established deep familial connections.

18. On Feb 14, 2025, while abiding by the rules and regulations and without any notice or violation, USMS re-arrested Plaintiff and dragged him in chains to Allenwood. BOP informed Plaintiff that reincarceration was pursuant to DHS's new policy of targeting permanent residents in RRC to reinitiate removal proceedings.

19. The removal proceedings were reinitiated and a removal order was entered under 8 U.S.C. § 1227(a)(2)(A)(iii). The removal order is not final as it remains pending judicial scrutiny with the Board of Immigration Appeals.

20. In May, 2025, Plaintiff mailed a SF-95 to BOP and USMS for a sum certain exhausting his remedies. To date, Plaintiff has only received a response from BOP denying his claim under FTCA and did not receive any confirmation or response from USMS.

21. Defendants ICE and DHS maintain a webpage on the official ICE website titled "ICE Worst of the Worst" dedicated to fugitives and criminal aliens.

22. On or about Dec 10, 2025, Defendants published a profile for Plaintiff at the URL: https://www.ice.gov/wow/shabbar-rafiq

23. The "Summary" section of this publication states: "ICE Philadelphia arrested Shabbar Rafiq, a 42-year old criminal alien from Pakistan. Rafiq was convicted of assault causing bodily injury to a family member in the Dallas County Criminal Court, Dallas, Texas."

24. This statement is materially false and misleading because:

    a. it implies that the sole basis for ICE's arrest and removal proceedings, thereby creating a false narrative regarding the Plaintiff's classification and the necessity of his detention; and

    b. it omits the actual federal statutory basis for the removal order (21 U.S.C. § 846);

25. On Jan 20, 2026, Plaintiff sent a formal letter to the Office of Principal Legal Advisor and the DHS Privacy Office requesting the correction or recission of the inaccurate website publication.

26. To date, Defendant's have refused to correct the record, rescind the publication, or arguably justify the discrepancy between the published reason for arrest and the actual legal basis for the removal order.

## V. CAUSES OF ACTION

### COUNT I: Violation of Privacy Act 5 U.S.C. § 552a(g)(1)(C) and (e)(5)

27. Plaintiff repleads and incorporates by reference the allegations in paragraphs 1 through 26 above.

28. The Privacy Act requires federal agencies to maintain all records which are used by the agency in making any determination about any individual with such accuracy, relevance, timeliness, and completeness as is reasonably necessary to assure fairness to the individual in the determination.

29. Defendants have failed to maintain the accuracy of Plaintiff's records by publishing a summary that falsely attributes the grounds of his removal to a State assualt offense, which was dismissed, rather than the Federal conviction.

30. This inaccuracy was willful and intentional. Defendants knew or should have known that the assault offense resulted in dismissal and was not the statutory basis for the federal removal order entered against Plaintiff.

31. As a proximate result of Defendants failure to maintain accurate records, Plaintiff has suffered adverse determinations, including prejudicial classification in the public domain as a "Worst of the Worst" violent offender and complications in asserting his rights to a bond hearing in Immigration Court.

32. According to the records, Plaintiff is detained under 8 U.S.C. § 1226(a) which does not require a bond hearing. However, the State offense cited by ICE as the sole reason for detention falls under under 8 U.S.C. § 1226(c), triggering a bond hearing. The public record must reflect to allow Plaintiff to adequately seek appropriate relief or bond, and defend against the "Worst of the Worst" designation.

### COUNT II: Violation of the Adminsitrative Procedure Act 5 U.S.C. § 706(2)(A)

33. Plaintiff repleads and incorporates by reference the allegations in paragraphs 1 through 32 above.

34. Under the APA, a reviewing court shall hold unlawful and set aside agency action, findings, and

conclusions found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law.

35. Defendant's publication of materially false information regarding the legal basis for Plaintiff's arrest and removal constitutes final agency action.

36. The decision to publish the misleading summary, and the subsequent failure to correct it upon notice, is arbitrary and capricious because it lacks a rational connection between the facts found (the actual removal order based on 8 U.S.C. § 1227(a)(2)(A)(iii)), and the choice made (publishing the dismissed assault offense as the primary reason).

37. Defendant's refusal to correct the record is an abuse of discretion and actionable under 5 U.S.C. § 706.

38. Defendant's misrepresentations interfers with the proper administration of 8 U.S.C. § 1252 (Judicial review of orders of removal) and § 1255 (Adjustment of Status), as accurate records are a prerequisite for fair adjudication and judicial review.

**<u>COUNT III: Violation of the Federal Tort Claims Act 28 U.S.C. § 2680(a)</u>**

39. Plaintiff repleads and incorporates by reference the allegations in paragraphs 1 through 38 above.

40. The FTCA waives sovereign immunity for United States for any claim based upon an act or omission of an employee of the Government, not exercising due care, in the execution of a statute or regulation. See 28 U.S.C. § 2680(a).

41. The governing statute 18 U.S.C. § 3624(g)(5) authorizes BOP to revoke RRC "[I]f a prisoner *violates* a condition of the prisoner's prerelease custody, . . . and require the prisoner to serve the remainder of the term of imprisonment to which the prisoner was sentenced, or any portion thereof, in prison." (emphasis added).

42. In revoking RRC and reincarcerating Plaintiff, BOP documented no violation of condition, or issued any notice, or explaination, or provided any administrative process to contest its arbitrary decision.

43. BOP's decision to revoke and reincarcerate Plaintiff on Feb 14, 2025, was contrary to the clear command

in § 3624(g)(5), an ultra vires act, and devoid of any due care.

44. Unlawful revocation and reincarceration directly and proximately caused Plaintiff atypical and significant hardship by deprivation of liberty and other harm.

**COUNT IV: Violation of the Federal Tort Claims Act 28 U.S.C. § 2680(h)**

45. Plaintiff repleads and incorporates by reference the allegations in paragraphs 1 through 44 above.

46. The FTCA re-waives sovereign immunity for United States for any claim arising, on or after March 16, 1974, for false imprisonment. See 28 U.S.C. § 2680(a)

47. Defendants, USMS officers and BOP, acting in concert, intentionally and unlawfully imprisoned Plaintiff against his will by rearresting and reincarcerating him on Feb 14, 2025.

48. This confinement was unlawful because no valid warrant, court order, or any violation of the conditions occurred authorizing Plaintiff's imprisonment.

49. Plaintiff did not consent nor violated any conditions of RRC to imply consent.

50. Defendants acted with actual intent to confine Plaintiff knowing that they lacked legal authority to do so.

51. As a direct and proximate result, Plaintiff was unlawfully deprived of his liberty, and suffered severe physcial and emotional harm.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff Shabbar Rafiq respectfully requests that this Court:

A. Assume jurisdiction over this matter;

B. Issue a Declaratory Judgment declaring that Defendants' publication regarding Plaintiff on their website is matterially inaccurate and in violation of the Privacy Act and the APA;

C. Issue an Order directing the Defendants to immediately remove the inaccurate profile from the "Worst of the Worst" website, or in the alternative, issue a retraction and apology in the equalent media forum;

D. Award Plaintiff actual damages as permitted under the Privacy Act 5 U.S.C. § 552a(g)(4), for the intentional and willful failure to maintain accurate records, and cost of litigation;

E. Award Plaintiff any General and Non-General damages as permitted under the FTCA for false imprisonment and lack of due care; and

F. Grant such other and further relief as the Court deems just and proper.

Respectfully Submitted on this 18th day of March, 2026, by:

Shabbar Rafiq #100010780
58 Pine Mountain Rd, McElhattan, PA 17748.

**CERTIFICATE OF VERIFICATION AND SERVICE**

The undersigned verifies that the facts contained in this Complaint are true and correct. The undersigned certifies that to the best of his knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: the complaint (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; and (3) the factual contentions have evidentiary support or, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery.

The undersigned certifies that on March 18th, 2026, a true and correct copy of the foregoing was mailed to the Clerk of Court via regular mail postage prepaid.

Shabbar Rafiq

Inmate Name: RAFIQ SHABBAR (10010780)
Clinton County Correctional Facility
PO BOX 419
MC ELHATTAN PA 17748-0419







INMATE MAIL
THIS CORRESPONDENCE IS FROM A COUNTY CORRECTIONAL FACILITY AND THE SENDER IS AN INMATE. THE CONTENTS HAVE NOT BEEN EVALUATED. CLINTON COUNTY CORRECTIONAL FACILITY IS NOT RESPONSIBLE FOR THE CONTENTS OR FOR DEPTS INCUR[illegible]

To: UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
333 CONSTITUTION AVE, N.W.,
WASHINGTON, DC 20001

20001$2837 C003